# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ZONG LOR,
        Petitioner,

v.                                        Case No. 04C0685

JANE GAMBLE,
        Respondent.

## DECISION AND ORDER

Petitioner Zong Lor has filed a notice of appeal of my decision denying his petition for a writ of habeas corpus, along with motions to reconsider under Fed. R. Civ. P. 59(e), for a certificate of appealability ("COA"), and for leave to appeal in forma pauperis ("IFP"). I address the motions herein.

## I. MOTION TO RECONSIDER

Although the filing of a notice of appeal normally divests the district court of jurisdiction, the court may nevertheless rule on a simultaneously filed motion under Rule 59. Woodard v. Hardenfelder, 845 F. Supp. 960, 965-66 (E.D.N.Y. 1994). Rule 59(e) allows the court to alter or amend a judgment if (1) the movant can demonstrate a manifest error of law or fact, (2) the movant presents newly discovered and previously unavailable evidence, (3) reconsideration is necessary to prevent manifest injustice, or (4) an intervening change in the law undermines the validity of the judgment. 11 Charles A. Wright et al., Federal Practice & Procedure § 2810.1 at 125-27 (1995); see also Moro v. Shell Oil Co., 91 F.3d 872, 876 (7th Cir. 1996) ("Rule 59(e) allows a party to direct the district court's attention to newly discovered material evidence or a

manifest error of law or fact, and enables the court to correct its own errors and thus avoid unnecessary appellate procedures.").

District courts have considerable discretion in deciding such motions. 11 Wright, supra, at 124. "However, reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." Id. A Rule 59(e) motion may not be used to re-litigate old issues or to present evidence or argument that could have been submitted previously. Id. at 127-28. As the Seventh Circuit has said, "A motion under Rule 59(e) is not authorized 'to enable a party to complete presenting his case after the court has ruled against him.'" In re Reese, 91 F.3d 37, 39 (7th Cir. 1996) (quoting Frietsch v. Refco, Inc., 56 F.3d 825, 828 (7th Cir. 1995)).

In the present case, petitioner argues that I committed a manifest error of law by using the standard set forth in Barber v. Page, 390 U.S. 719 (1968) in evaluating his Confrontation Clause claim, rather than that set forth Ohio v. Roberts, 448 U.S. 56 (1980), abrogated by Crawford v. Washington, 541 U.S. 36 (2004). In fact, I cited both cases in my decision (Aug. 18, 2005 Dec. at 10-11), and the cases use the same standard, see Roberts, 448 U.S. at 74 (citing Barber, 390 U.S. at 724-25). Petitioner points to no meaningful differences between the two.

Petitioner also argues that the state cases upon which the court of appeals relied in rejecting his claim – State v. La Fernier, 44 Wis. 2d 440 (1969) and La Barge v. State, 74 Wis. 2d 327 (1976) – applied the wrong standard because they were decided prior to Roberts. Again, though, petitioner points to nothing in Roberts that modified the standard from Barber, which the Wisconsin Supreme Court applied in La Barge, 74 Wis. 2d at 336-37. Moreover, the court of appeals, while not citing Roberts in denying petitioner's claim,

2

applied the reasonableness standard set forth in Roberts. A state court is not required to cite Supreme Court precedents so long as neither the reasoning nor the result of the state court decision contradicts them. Early v. Packer, 537 U.S. 3, 8 (2002). Finally, the state court of appeals did not hold that issuance of a subpoena and a telephonic contact with the witness satisfied the state's obligation as a matter of law, as petitioner suggests. Rather, the state court held that under the facts of this case the prosecution made reasonable efforts to secure Vang's presence.

Finally, petitioner rehashes his argument based Cook v. McKune, 323 F.3d 825 (10th Cir. 2003), but such arguments are unavailing under Rule 59(e).[1] See In re Reese, 91 F.3d at 39. Petitioner also suggests that the state could have relied upon a confidential informant with knowledge of where gang members were located. Petitioner did not make this argument prior to entry of judgment and provides no reason as to why he was unable to do so. Thus, I need not consider it. See 11 Wright, supra, at 127-28. Even if I did consider it, there is no indication in the record that the state ignored a promising lead as to Vang's whereabouts (as opposed to other gang members). Ultimately, though, the question before me was not whether the prosecution could have done more to find Vang; the only issue was whether the state court unreasonably applied Barber and Roberts in finding that the prosecution made reasonable efforts to locate Vang. Petitioner failed to make the necessary showing.

Therefore, for the foregoing reasons, petitioner's Rule 59 motion is denied.

---

[1] For the reasons stated in my decision, the argument also lacks merit. (Aug. 18, 2005 Dec. at 12-14.)

## II.  CERTIFICATE OF APPEALABILITY

When a habeas petitioner files a notice of appeal, the district court must consider whether to grant him a COA pursuant to 28 U.S.C. § 2253(c).  Fed. R. App. P. 22(b).  The COA may issue only if the petitioner makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The standard for making a "substantial showing" is whether "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).  If the court issues a COA it must indicate on which specific issue or issues the petitioner has satisfied the "substantial showing" requirement.  See 28 U.S.C. § 2253(c)(3).

When a district court dismisses a motion based on procedural grounds without reaching the underlying constitutional claims, a COA "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Slack, 529 U.S. at 484.  Section 2253 mandates that both showings be made before a certificate of appealability is granted.  See id. at 484-85.  Where a district court has rejected a petitioner's constitutional claims on the merits, "the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Id. at 484.

Petitioner argues only the Confrontation Clause claim in his request for a COA.  I agree with his implicit concession that his ineffective assistance of counsel claims do not

4

deserve encouragement to proceed further.  See Matchett v. Dretke, 380 F.3d 844, 848 (5th Cir. 2004), cert. denied, 125 S. Ct. 1067 (2005) (holding that claims not addressed in COA request are deemed abandoned).  The ineffective assistance claim based on the concession that Vang was unavailable was procedurally defaulted based on petitioner's failure to present it to the state supreme court on direct appeal.  For the reasons stated in my decision, reasonable jurists would not find this conclusion debatable or wrong.  The ineffective assistance claim based on counsel's advice that petitioner go to trial likewise should not proceed further.  As indicated in my decision on the merits, given the deference due to strategic decisions made by counsel and the significant weaknesses in the state's case against petitioner, no reasonable jurist could conclude that the state court of appeals' rejection of this claim was outside the bounds of permissible differences of opinion.  See Conner v. McBride, 375 F.3d 643, 649 (7th Cir. 2004), cert. denied, 125 S. Ct. 1399 (2005).

However, I conclude that a COA should issue on the Confrontation Clause claim based on Vang's unavailability.  While I found distinguishable the cases upon which petitioner relied – Cook v. McKune, 323 F.3d 825 (10th Cir. 2003) and McCandless v. Vaughn, 172 F.3d 255 (3d Cir. 1999) – reasonable jurists could perhaps disagree with that conclusion.[2]  The state's efforts to obtain Vang's presence, while in my view not plainly unreasonable, were not overwhelming.  Petitioner should be allowed to present this argument to the court of appeals.  Therefore, I will issue a COA on this claim.

---

[2] I also questioned whether the "heightened" standard applied in those cases was consistent with AEDPA's requirement that habeas relief be granted based only on Supreme Court precedent.

5

### III.  IN FORMA PAUPERIS

I will also grant petitioner's request to appeal in forma pauperis.  In order to obtain IFP status the applicant must demonstrate that he is unable to pay the required fee, 28 U.S.C. § 1915(a)(1), and the district court must determine that the appeal is taken in "good faith," § 1915(a)(3).  An appeal is not taken in good faith if the appellant's claims are frivolous and no reasonable person could suppose that the appeal has any merit.  The standard is objective, not subjective.  Lee v. Clinton, 209 F.3d 1025, 1026 (7th Cir. 2000).

Petitioner's motion and the record demonstrate that he is indigent.  By granting a COA, I have determined that petitioner's Confrontation Clause claim has arguable merit.  And, although I denied a COA on his ineffective assistance claims, they are not so lacking in merit as to be frivolous.  Therefore, the request for IPF status is granted.

### IV.  CONCLUSION

**THEREFORE, IT IS ORDERED** that petitioner's Rule 59(e) motion (Docket # 25) is **DENIED.**

**IT IS FURTHER ORDERED** that petitioner's request for a certificate of appealability (Docket # 27) is **GRANTED** as stated herein.

**FINALLY, IT IS ORDERED** that petitioner's request for leave to appeal in forma pauperis (Docket # 26) is **GRANTED**.

Dated at Milwaukee, Wisconsin, this 6th day of September, 2005.

/s Lynn Adelman
_____
LYNN ADELMAN
District Judge

6

Case 2:04-cv-00685-LA   Filed 09/06/05   Page 6 of 6   Document 28